```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 08-21465-Civ-MARTINEZ
                              MAGISTRATE JUDGE P.A. WHITE

EVERETT OLIVER,               :

     Petitioner,              :

v.                            :      REPORT OF
                                     MAGISTRATE JUDGE
WALTER A. McNEIL,             :

     Respondent.              :
_____
```

Everett Oliver is a convicted state felon who was confined at Florida State Prison "O" Unit at Raiford, Florida, at the time he filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. Oliver attacks as unlawful his sentences entered in Miami-Dade County Circuit Court Case No. 02-06155, and he seeks immediate release from incarceration.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

For its consideration of the petition with attached exhibits, the Court has the respondent's response to an order to show cause with multiple exhibits.

Oliver raises the following two claims:

1.   He is being confined pursuant to unlawful sentences, because he did not receive all days of credit towards his sentences for time confined to which he was entitled after revocation proceedings in violation of state sentencing law principles.

>   2.   His sentences are unlawful as violative of his due process rights and protection against double jeopardy, because the oral pronouncement of his sentence conflicts with the written sentence order.

The pertinent procedural history of this case is as follows. Oliver was convicted pursuant to pleas of guilty of the offenses of resisting an officer without violence (Count 1), possession of a firearm by a convicted felon (Count 2), and carrying a concealed firearm (Count 3). (DE# 8; App. A). The trial court sentenced him to one day time served in county jail as to Count 1. (DE# 8; App. B, C). As to Counts 2 and 3, the trial court entered a split sentence, imposing concurrent terms of imprisonment of eighteen months as an habitual offender to be followed by an eighteen-month term of probation. Id. Oliver did not prosecute a direct appeal from his convictions and sentences. See Petition at ¶8. (DE# 1). After serving the incarcerative portion of his sentence, Oliver was released from confinement to serve his term of probation. See http://www.dc.state.fl.us. He subsequently violated the terms and conditions of his probation and, pursuant to admissions of guilt to the probation violation charges, his term of probation was ultimately revoked. (DE# 8; App. C). Pursuant to the negotiated plea agreement, Oliver was sentenced as an habitual offender to a term of incarceration of three years with nineteen days of credit for time served. (DE# 8; App. D). Oliver's possible maximum term of imprisonment was twenty-seven years. See Criminal Punishment Code Scoresheet. (DE# 8; App. D). Oliver did not take an appeal from his probation revocation and resultant sentence. See Petition at ¶8. (DE# 1).

Approximately six months after the revocation and resentencing proceedings, Oliver filed in the trial court a pro se motion for postconviction relief pursuant to Fla.R.Crim.P. 3.850, raising the

2

identical claim presented here as ground two. (DE# 8; App. E). Specifically, he alleged that before sentencing, the prosecutor brought to the attention of the trial court the fact that he already had served eighteen months of incarceration in this case and the trial court stated that because he already had served eighteen months, the court was only going to sentence him to another eighteen months' incarceration for the violation of his probation. Id. Oliver claimed that the written sentencing order, instead, reflected a sentence of three years' incarceration. Id. He requested the trial court to vacate his sentence and enter a new order comporting the written sentencing order with the trial court's oral pronouncement at the sentencing hearing conducted after the revocation proceedings. Id. The trial court summarily denied the Rule 3.850 motion without explanation. (DE# 8; App. F). Oliver took an appeal from the trial court's ruling (DE# 8; App. G, H), and the Florida Third District Court of Appeal reversed the trial court's summary denial and remanded for an evidentiary hearing or the attachment of records that would conclusively show that Oliver was not entitled to any relief. (DE# 8; App. I). See also Oliver v. State, 957 So. 2d 700 (Fla. 3 DCA 2007).

Upon remand, the trial court again summarily denied the Rule 3.850 motion, and ordered the Clerk of Court to attach a copy of the initial Judgment and Sentence. (DE# 8; App. P). Oliver once again appealed the summary denial of his Rule 3.850. (DE# 8; App. Q, R). The Florida appellate court in its written opinion indicated that review of the record revealed that the trial court still had not attached the appropriate documents and the initial sentencing order that was to be attached did not refute Oliver's claim that the sentencing court orally pronounced at the subsequent sentencing that it was sentencing Oliver to only eighteen months' incarceration for the violation of his probation, as opposed to

3

three years. See Oliver v. State, 967 So.2d 352, 353 (Fla. 3 DCA 2007). Because the record before the appellate court again failed to conclusively demonstrate that Oliver was not entitled to relief, the appellate court again reversed the trial court's ruling and remanded the case for further proceedings. Id. The appellate court stated that if the trial court again summarily denied the post-conviction motion, the trial court was to attach record excerpts conclusively showing that Oliver was not entitled to any relief, specifically, the transcript of the sentencing hearing held on September 21, 2006, and any sentencing orders entered by the sentencing court as a result of that hearing. Id.

Pursuant to the mandate, the trial court entered an amended order in which the court once again summarily denied Oliver's Rule 3.850 motion. See Amended Order on Defendant's Pro Se to Correct Illegal Sentence entered on December 7, 2007. (DE# 8; App. T). In pertinent part, the trial court stated as follows:

> The Judgment and Commitment Order from September 21, 2006, clearly shows that [Oliver] was sentenced to three years State prison as a habitual offender with nineteen days credit time served and all counts to run concurrent. **There are no other documents available to the Court.** The trial court attempted to order a copy of the transcript form the September 21, 2006, sentencing hearing and the court reporter signed an affidavit stating that he lost his notes and is unable to produce the transcripts. However, based upon the foregoing, this Court finds that [Oliver] is not entitled to the relief sought.
>
> ORDERED AND ADJUDGED that [Oliver's] pro se motion to correct illegal sentence is denied. This Court intended and all parties were fully aware that as a condition of the plea on the probation revocation, [Oliver] would receive credit time served only from the date of his last arrest on the probation violation, which is nineteen days....

4

(emphasis supplied). Id. at 1-2. Oliver pursued an appeal from the trial court's ruling (DE# 8; App. U, W), and the state filed a response, as ordered by the appellate court. (DE# 8; App. Y). The Third District Court of Appeal *per curiam* affirmed the trial court's denial of postconviction relief in a decision without written opinion. See Oliver v. State, 980 So. 2d 506 (Fla. 3 DCA 2008). Oliver's motion for rehearing was denied. (DE# 8; App. AA, BB).

Oliver also filed a pro se motion pursuant to Fla.R.Crim.P. 3.800, raising the claim presented here as ground one. (DE# 8; App. J). He requested the trial court to award him credit for the time served before revocation of his probation. Id. The trial court summarily denied the motion. (DE# 8; App. CC). Oliver sought and was granted leave to pursue a belated appeal from the denial of his Rule 3.800 motion. (DE# 8; App. CC, DD, EE). See also Oliver v. State, 976 So. 2d 1117 (Fla. 3 DCA 2008). After ordering and receiving a response from the state (DE# 8; App. FF, GG), the Florida Third District Court of Appeal denied Oliver relief, finding that the record, which included the trial court's most-recent order entered in the Rule 3.850 proceeding, conclusively refuted Oliver's allegations. (DE# 8; App. HH). See also Oliver v. State, 3D07-3236 (Fla. 3 DCA March 4, 2008). The appellate court explained its ruling, stating in relevant part as follows:

> Oliver and the State have not (and, based on the court reporter's affidavit, cannot provide a transcript of the September 21, 2006 sentencing hearing [in the probation revocation proceedings], but the scoresheet (dated and filed the day of the hearing) clearly states the sentence of three years and the credit for time served of 19 days. The written sentence includes the same information.
>
> Oliver's post-conviction claims were initially the subject of summary denials that necessitated a reversal and remand under Florida Rule of Appellate Procedure 9.141(b)(2)(d).[footnote omitted]. Oliver then complicated consideration of his claims,

5

>     and the ensuing appellate review, by filing duplicative
>     motions below and petitions here. We entered this detailed
>     order denying further relief so that any panel addressing
>     Oliver's other cases pending here on the same issues, or
>     addressing any future attempts to raise the same issues, will
>     be aware that these claims by Oliver have been considered on
>     the merits, are conclusively refuted by the record, and have
>     therefore been denied.

Id.

This federal habeas corpus petition pursuant to 28 U.S.C. §2254 followed soon after Oliver was denied relief in the state trial and appellate courts. The respondent has filed a response to the petition, aptly conceding that the instant petition has been timely filed. See 28 U.S.C. §2244(d)(1)-(2). The respondent asserts, however, that the claims presented in this federal petition are unexhausted and prospectively procedurally barred from federal habeas corpus review, because the petitioner has failed to properly exhaust his sentence challenges before the state courts.[1] See 28 U.S.C. §2254(b)(1) and (b)(1)(A). Full and careful review of the record appears to reveal that Oliver has in fact exhausted the claims now raised in this federal proceeding in the state courts. This Court, therefore, rejects the procedural arguments asserted by the respondent. Moreover, even if one or both claims are technically unexhausted, since this Court has no jurisdiction over

---

[1] An applicant's federal writ of habeas corpus will not be granted unless the applicant exhausted his state court remedies. 28 U.S.C. §2254(b),(c). A claim must be presented to the highest court of the state to satisfy the exhaustion of state court remedies requirement. O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Richardson v. Procunier, 762 F.2d 429, 430 (5 Cir. 1985); Carter v. Estelle, 677 F.2d 427, 443 (5 Cir. 1982), cert. denied, 460 U.S. 1056 (1983). A petitioner is required to present his claims to the state courts such that they are permitted the "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim." Picard v. Connor, 404 U.S. 270-275-77 (1971). Exhaustion is ordinarily accomplished on direct appeal. If not, in Florida, it may be accomplished by the filing of a Rule 3.850 motion, and an appeal from its denial; Leonard v. Wainwright, 601 F.2d 807, 808 (5 Cir. 1979), or, in the case of a challenge to a sentence, by the filing of a Rule 3.800 motion, and an appeal from its denial. See Caraballo v. State, 805 So.2d 882 (Fla. 2 DCA 2001).

the claims of this federal petition and/or the claim(s) are not cognizable and/or are meritless, for the reasons expressed herein, it will best serve the interest of judicial economy not to further belabor the exhaustion and related procedural bar issues and to exercise the discretion now afforded by Section 2254, as amended by the AEDPA. See generally 28 U.S.C. §2254(b)(2)("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

Before this Court can proceed to address Petitioner's claims on the merits or otherwise, it must first be determined whether this Court has jurisdiction to do so. Title 28 U.S.C. §2241(c)(3) and §2254(a) gives the district courts jurisdiction to entertain petitions for habeas corpus relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." The "in custody" requirement is satisfied if a petitioner is incarcerated as a result of the conviction or sentence under attack at the time the petition is filed. Carafas v. LaVallee, 391 U.S. 234 (1968). Once the jurisdictional prerequisite of custody is met at the time of filing, jurisdiction is not defeated by the petitioner's subsequent release from custody while the petition is pending. Id.

Records maintained by the Florida Department of Corrections reviewed this date indicate that Oliver was recently released from incarceration on March 21, 2009, to a term of conditional release supervision. See http://www.dc.state.fl.us.[2] While no longer confined pursuant to the sentences he challenges in this federal

---

[2]The Court takes judicial notice of information available on the database maintained by the Florida Department of Corrections, http://www.dc.state.fl.us/, viewed on this date. See Fed.R.Evid. 201.

habeas corpus proceeding, Oliver meets the "in custody" requirement since at the time of the filing of this petition he was in fact in custody pursuant to the sentences he attacks. Moreover, although released from confinement on conditional release supervision, Oliver remains "in custody" for federal habeas corpus purposes. The courts have held that in the context of habeas proceedings, the "in custody" requirement may also be met where a petitioner is on probation, parole or bail. Hensley v. Municipal Court, 411 U.S. 345, 349 (1973). See also Nash v. Purdy, 283 F.Supp. 837, 838-39 (S.D.Fla. 1968).

Although the "in custody" requirement has been met, this Court nonetheless has no jurisdiction in this case. Article III of the United States Constitution only extends federal judicial power to cases or controversies. U.S. Const. art. III, §2, cl. 1. "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury ... likely to be redressed by a favorable judicial decision." Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990). When the injury for which an appellant seeks judicial redress is resolved or disappears prior to the appellate court's decision, there is no longer an Article III case or controversy. See Burke v. Barnes, 479 U.S. 361, 363, 107 S.Ct. 734, 93 L.Ed.2d 732 (1987); United States v. Meyers, 200 F.3d 715, 718 (10 Cir. 2000).

Petitioner seeks release from incarceration on his resultant term of imprisonment after probation revocation proceedings on the basis that he was not properly awarded all jail time credit for which he was entitled and that oral pronouncement of his most-recent sentence conflicted with the written sentence order. After serving the term of confinement imposed upon the most-recent sentence, Oliver was released from confinement to conditional

release supervision.[3] His term of conditional release is currently scheduled to expire on September 1, 2009. See http//www.dc.state.fl.us. Oliver has, therefore, received the relief he requests in that he is no longer confined. Petitioner's release from state custody has rendered the instant habeas corpus proceeding, in which he challenges his state confinement, moot. Petitioner does not challenge here his convictions and/or the release on conditional release supervision. Since Petitioner has now obtained the relief he seeks in this federal proceeding, there is no longer a live controversy.

Dismissal of the instant federal habeas corpus proceeding as moot is, therefore, appropriate based upon Petitioner's release from state confinement. As indicated, an action that no longer presents a justiciable case or controversy within the meaning of Article III is moot. Ashcroft v. Mattis, 431 U.S. 171, 172-73 (1977); Church of Scientology Flag Service Org. v. City of Clearwater, 777 F.2d 598, 604 (11 Cir. 1985), cert. denied, 476 U.S. 1116 (1986). A case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in

---

[3]The Conditional Release Program Act, Fla.Stat. §947.1405, provides in relevant part that:

> (2) Any inmate who is convicted of a crime committed on or after October 1, 1988, which crime is or was contained in category 1, category 2, category 3, or category 4 of Rule 3.701 and Rule 3.988, Florida Rules of Criminal Procedure, and who has served at least one prior felony commitment at a state or federal correctional institution or is sentenced as a habitual or violent habitual offender pursuant to s. 775.084, shall, upon reaching the tentative release date or provisional release date, whichever is earlier, as established by the Department of Corrections, be released under supervision subject to specified terms and conditions.

See Fla.Stat. §947.1405(2). "Tentative release date" (TRD) means the date projected for the prisoner's release from custody by virtue of gain-time granted or forfeited, as determined by the Department of Corrections, pursuant to Sections 944.275(3)(a), 947.005(6), Florida Statutes. The Florida Legislature enacted, the Conditional Release Program Act, and the program is implemented solely by the Florida Parole Commission. See Mayes v. Moore, 827 So.2d 967, 971 (Fla. 2002); Gay v. Singletary, 700 So.2d 1220, 1221 (Fla. 1997).

the outcome of the litigation, such as where there is no reasonable expectation that the violation will occur again or where interim relief or events have eradicated the effects of the alleged violation. County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979); Church of Scientology Flag Service Org., supra, at 604, n. 21.

Even if this petition had not been rendered moot, Oliver would not be entitled to habeas corpus relief. Oliver claims in ground one that he is being confined pursuant to unlawful sentences, because he did not receive all days of credit towards his sentences for time previously served before the revocation of his probation. Stated differently, Oliver asserts that the trial court failed to correctly apply Florida crediting statutes and/or caselaw,[4] thereby, depriving him of credits towards his sentence for which he is entitled. As correctly argued by the respondent, such a claim is not reviewable in this federal habeas corpus proceeding. Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also presented. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Moreover, a state's interpretation of its own rules or statutes does not raise a federal constitutional issue unless it rises to a level of denial of fundamental due process. Wainwright v. Goode, 464 U.S. 78 (1983), reh'g denied, 465 U.S. 78 (1984). See also Redman v. Dugger, 866 F.2d 387 (11 Cir. 1989); Machin v.

---

[4]In Florida, when a defendant serves time in prison, is released on probation, and subsequently violates that probation, he is generally entitled to credit for time served in prison on the original sentence, especially in the absence of any documentation establishing a waiver of credit during a negotiated plea for the probation violation. See Waters v. State, 662 So.2d 332 (Fla. 1995); Wells v. State, 751 So.2d 703 (Fla. 1 DCA 2000).

10

Wainwright, 758 F.2d 1431, 1433 (11 Cir. 1985); Carrizales v. Wainwright, 699 F.2d 1053 (11 Cir. 1983).

More specifically to this petition, the Eleventh Circuit has consistently held that federal courts cannot review a state's alleged failure to adhere to its own sentencing provisions. Branan v. Booth, 861 F.2d 1507 (11 Cir. 1988), and cases cited therein. 1976). Federal habeas corpus review of a state law claim is, therefore, precluded if no due process violations or facts indicating such violations are alleged. A state court's error in applying its own sentencing provisions is not cognizable on federal habeas corpus review, even when it is "couched in terms of equal protection and due process." Id. at 1508, quoting Willeford v. Estelle, 538 F.2d 1194, 1996-98 (5 Cir. 1976). Therefore, a state decision affecting only the sentencing rights of prisoners under state law is of no consequence in relation to a federal habeas corpus application.

When a federal court considers whether habeas corpus is warranted, the decision is limited to whether a conviction violated the Constitution, laws, or treaties of the United States. 28 U.S.C. §2254; Rose v. Hodges, 423 U.S. 19, 21 (1975)(per curiam). A state petitioner's right to credit for time served before sentencing is a question of state law. Thus, since review of the record in its entirety reveals that Oliver is claiming that the trial court committed errors of state law, such claim is not cognizable in this federal habeas corpus petition. Travis v. Lockhart, 925 F.2d 1095, 1097 (8 Cir. 1991)(the interpretation of state crediting statutes is a matter of state concern and not a proper function of a federal court under its habeas corpus jurisdiction).

Moreover, even if Oliver's claim were in some way cognizable in this federal habeas corpus proceeding, he would not be entitled to relief in that his claim is refuted by the record. The identical issue was presented in Oliver's state post conviction proceedings, and the state courts properly denied him relief. The trial court specifically found that as a condition of the plea on the probation revocation, Oliver would receive credit time served *only* from the date of his last arrest on the probation violation, which was nineteen days.[5] See Amended Order on Defendant's Pro Se to Correct Illegal Sentence entered on December 7, 2007. (DE# 8; App. T). The state appellate court affirmed the trial court's ruling, denying Oliver any additional credit for time served. See Oliver v. State, 980 So. 2d 506 (Fla. 3 DCA 2008); Oliver v. State, 3D07-3236 (Fla. 3 DCA March 4, 2008). Thus, the state courts found that Oliver had received all appropriate credit towards his sentences as directed in the state court's sentencing order imposed in the probation revocation proceeding.[6] This finding is entitled to a presumption of correctness absent clear and convincing evidence rebutting this presumption.[7] 28 U.S.C. §2254(e)(1). Oliver has not shown himself

---

[5] In Florida, it has long been established that the right to credit for time served may be waived as part of a plea bargain. See Render v. State, 802 So.2d 512, 513 (Fla. 3 DCA 2001), citing, White v. State, 656 So.2d 255, 256 (Fla. 3 DCA 1995); Prangler v. State, 470 So.2d 105, 106 (Fla. 2 DCA 1985); Epler v. Judges of the Thirteenth Judicial Circuit, 308 So.2d 134, 135 (Fla. 2 DCA 1975).

[6] In Florida, even in the situation where a defendant would otherwise be entitled to credit for time served in prison on the original sentence upon revocation of the probationary term and resentencing, if such an award were to produce an absurd result with the defendant receiving a "windfall" and if it is clear that that was not the result intended by the trial court, the application of credit for time served can lawfully be denied. See Fulcher v. State, 875 So.2d 647, 648 (Fla. 3 DCA 2004). It appears that an award of credit in this case in the amount Oliver seeks would have resulted in a windfall to Oliver in that he would have served just eighteen months' imprisonment where, as indicated herein, he could have received a twenty-seven year term of imprisonment in the probation revocation proceeding. See Criminal Punishment Code Scoresheet. (DE# 8; App. D).

[7] It is noted that the trial court judge who had presided over the probation revocation proceeding, and who had imposed the now-challenged sentence, was the same judge who presided over the subject state postconviction proceedings, denying Oliver's claim with regard to sentence credit. Where the judge presiding

entitled to federal habeas corpus relief. See 28 U.S.C. §2254(d). Williams v. Taylor, 529 U.S. 362 (2000).

Oliver claims in ground two that his sentences are unlawful as violative of his due process rights and protection against double jeopardy, because the oral pronouncement of his sentence conflicts with the written sentence order. Oliver is also not entitled to federal habeas corpus relief as to this claim. In instances of an outright variance between the oral and written versions of the same sentence, the conflict is resolved in favor of the oral pronouncement. United States v. McDonald, 672 F.2d 864 (11 Cir. 1982); United States v. Kindrick, 576 F.2d 675 (5 Cir. 1978). However, where there is mere ambiguity rather than outright conflict between the oral and written versions of a judgment or sentence, the written judgment or sentence may be used to clarify the court's intent.  Villano v. United States, 816 F.2d 1448 (10 Cir. 1987); Henley v. Heritage, 377 F.2d 847 (5 Cir. 1964); Chapman v. United States, 289 F.2d 539, 544 (5 Cir. 1961).  In cases where ambiguity exists, the intent of the sentencing judge controls, and is to be determined by reference to the record as a whole, including the written order. Schurmann v. United States, 658 F.2d 389 (5 Cir. 1981); United States v. Kindrick, supra.

Review of the record as a whole is appropriate here to discern the judge's intent. Schurmann, supra. The record includes the written sentencing guidelines scoresheet. See Criminal Punishment Code Scoresheet. (DE# 8; App. D). The  scoresheet was apparently completed simultaneously with the pronouncement of sentence as indicated by the file-stamp date of September 21, 2006, the same

---

over the trial proceedings is the same judge presiding over the post conviction proceedings, the presumption of correctness afforded the findings of fact of the state court is particularly strong. See May v. Collins, 955 F.2d 299, 314 (5 Cir.), cert. denied, 504 U.S. 901 (1992).

date the probation revocation proceeding was conducted and the same date the subject sentence was imposed. Id. at 1. See Order of Revocation of Probation entered on September 21, 2006; Sentence entered on September 21, 2006. (DE# 8; App. C, D). The scoresheet indicates that the trial court imposed the following sentence after Oliver's term of probation had been revoked: "Adj + 3 ysp - 3 years state prison and revoke probation and H[abitual]O[offender]." See Criminal Punishment Code Scoresheet at 2. The trial court executed the scoresheet immediately below the portion of the form specifying the sentence imposed. Id. As noted, the trial court judge who had presided over the probation revocation proceeding, and who had imposed the now-challenged sentence, was the same judge who presided over the subject state postconviction proceedings, denying Oliver's claim that the written sentence conflicted with the oral pronouncement of sentence.

The trial court's denial of postconviction relief on this identical issue was affirmed on appeal. See Oliver v. State, 980 So. 2d 506 (Fla. 3 DCA 2008); Oliver v. State, 3D07-3236 (Fla. 3 DCA March 4, 2008). The record here leaves no doubt that the trial court intended to sentence Oliver to a three-year term of incarceration and not a term of eighteen months, as Oliver maintains. Under these circumstances, no violation of Oliver's right to due process has been demonstrated. Accordingly, relief should therefore be denied pursuant to 28 U.S.C. §2254(d). See Williams v. Taylor, 529 U.S. 362 (2000).

It is therefore recommended that this petition for writ of habeas corpus be dismissed pursuant to Fed.R.Civ.P. 12(h)(3) for want of jurisdiction, as moot and, in the alternative, denied.

14

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

SIGNED this 27th day of March, 2009.

_____
UNITED STATES MAGISTRATE JUDGE


cc:   Everett Oliver, Pro Se
      DC# B01511
      Florida State Prison
      7819 N.W. 228 Street
      Raiford, FL 32026-3000

      Magaly Rodriguez, AAG
      Department of Legal Affairs
      444 Brickell Avenue
      Suite 650
      Miami, FL 33131